IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| KURBY DECKER | § | |
| v. | § | CIVIL ACTION NO. 5:06cv210 |
| CHEQUITA DUNBAR, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

The Plaintiff Kurby Decker filed this lawsuit complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Decker has filed a motion for injunctive relief, making the following requests: that the Defendants be enjoined from placing inmates requesting to use the restroom in a small wire cage, without water or a restroom, in extreme heat; that "ATC 040," apparently a prison access to courts policy, be enjoined; that the Defendants be enjoined from scheduling him for law library access with inmates on safekeeping status; that various unspecified "sadistic, evasive non-written stipulations" impeding law library access be enjoined; and that the Defendants be enjoined from daily cell searches, radical harassment, destruction of legal work, illegal confiscations, bogus disciplinary cases, and threats of bodily harm.

After review of the motion and the pleadings in the case, the Magistrate Judge issued a Report recommending that the motion for injunctive relief be denied. The Magistrate Judge cited the applicable standards for granting preliminary injunctive relief and noted that Decker failed to show a substantial likelihood of prevailing on the merits, nor a substantial threat that he will suffer irreparable harm if the requested injunctive relief is denied. The Magistrate Judge observed that

Decker's pleadings are replete with conclusory allegations of vague and speculative harm, which is not sufficient to support a grant of injunctive relief.

Decker has filed objections to the Magistrate Judge's Report. These objections argue that "ATC 040" is pre-empted by federal law, that he will "die or suffer loss of property" if the injunction is not issued, and that issuing him a legal storage box and waive the requirement that he keep legal work in his locker would not cause any harm to the non-movant. Decker casts his claim as being under the Americans with Disabilities Act and discusses the federal common-law privilege of communication between attorney and client as well as the prohibition against bills of attainder.[1] He complains that the Magistrate Judge casts his life-or-death issues as "minutiae" and says that the Magistrate Judge raised issues such as laches, bars, and sufficiency of evidentiary matters *sua sponte*, which matters should be raised by the Defendants as affirmative defenses. Decker's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all relevant documents and filings in the record. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

---

[1] The Supreme Court has explained that a bill of attainder is a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial. Selective Service System v. Minnesota Public Interest Research Group, 468 U.S. 841, 846-47 (1984); *accord*, Canfield Aviation Inc. v. National Transportation Safety Board, 854 F.2d 745, 748 n.4 (5th Cir. 1988). There are three requirements for a bill of attainder: specification of the affected person or persons, punishment, and lack of a judicial trial. Selective Service System, 468 U.S. at 847. Here, Decker has failed to show that he was the victim of a bill of attainder because he is not an identifiable individual under any applicable Texas laws, nor has he shown that punishment has been legislatively inflicted upon him.

ORDERED that the Plaintiff's motion for a temporary restraining order or preliminary injunction (docket no. 2) is hereby DENIED.

**SIGNED this 12th day of March, 2007.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE