IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| KURBY DECKER | § | |
| v. | § | CIVIL ACTION NO. 5:06cv210 |
| CHEQUITA DUNBAR, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>ON DEFENDANTS OWENS AND ALISEDA</u>

The Plaintiff Kurby Decker filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Two of the named Defendants in the lawsuit are Rissie Owens, chairwoman of the Texas Board of Pardons and Paroles, and Jose Aliseda, a member of the Board.  These Defendants have filed a motion to dismiss the claims against them, saying that they are absolutely immune from claims of liability for the denial of parole because the decision to deny parole is quasi-judicial in nature, Decker filed a response to the motion arguing that the Board acted "arbitrarily and capriciously" in denying him parole, that they acted in retaliation against him because of his filing of lawsuits, and that the Board members were involved in a conspiracy to violate his constitutional rights.  He did not refer to the specific contention by the Defendants that they were absolutely immune from suit on this basis.

On June 25, 2007, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted and that Owens and Aliseda be dismissed from the lawsuit.  The Magistrate Judge noted that the Fifth Circuit has held that the actual decisions to grant, deny, or

1

revoke parole, as well as activities which are part and parcel of the parole process, are accorded absolute immunity. Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995); *see also* Walter v. Torres, 917 F.2d 1379, 1383 (5th Cir. 1990). The Magistrate Judge concluded that Decker challenged the exercise of an adjudicative function rather than an administrative one, and so recommended that the motion to dismiss be granted.

Decker did not file objections to the Magistrate Judge's Report; instead, he filed a motion for extension of time in which to object. In this motion, he complains that he has not received all of the disclosure which he believes appropriate, and that he requires such disclosure to overcome the qualified immunity issue. He says that without this disclosure, he is unable to present evidence creating a genuine issue of fact, and cites Bruce v. Ylst, 351 F.3d 1283 (9th Cir. 2003).

However, the question in the present instance is one of *absolute* immunity, not qualified immunity, and the issue is one of law and not facts. Decker cannot sue Parole Board members for their exercise of an adjudicative function, and the specific contents of his parole record will not change this. Decker has failed to show that discovery of his parole records would be relevant to his claims against the Parole Board members, nor has he offered any basis upon which to set aside the Magistrate Judge's conclusion that the Parole Board members are entitled to absolute immunity, as set out in Hulsey; consequently, an extension of time to allow discovery would serve no purpose. The Ninth Circuit case which he cites is inapposite because it involves a lawsuit against prison officials not shielded by the absolute immunity which is enjoyed by members of the Board of Pardons and Paroles.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the motion of the Defendants Rissie Owens and Jose Aliseda to dismiss, the Plaintiff's response to this motion, the Report of the Magistrate Judge, and the Plaintiff's pleadings in response to this motion. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Plaintiff's contentions are without merit. It is accordingly

ORDERED that the Report of the Magistrate Judge docket no. 52) is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the motion of the Defendants Rissie Owens and Jose Aliseda to dismiss the claims against them (docket no. 18) is GRANTED.  It is further

ORDERED that all claims against Rissie Owens and Jose Alidesa are hereby DISMISSED with prejudice and that Owens and Aliseda are hereby dismissed as parties to this lawsuit.  Finally, it is

ORDERED that the Plaintiff's motion for extension of time (docket no. 59) is DENIED.

**SIGNED this 1st day of August, 2007.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE